[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
Procedural History
A notice to Quit Possession of premises dated August 14, 2002 located at Unit C-3, 363 Main Street, Pine Meadow, New Hartford, CT, was served on the defendant Barbara Hein on August 16, 2002. Said Notice to Quit specified that Ms. Hein was to quit possession of the premises on or before August 23, 2002 for nonpayment of rent for June, 2002 and subsequent months. (Plaintiffs Ex. 3)
The plaintiff commenced a summary process action against the defendant by service of summons and complaint dated August 27, 2002, return date September 6, 2002. Said summons and complaint were served on the defendant on August 28, 2002. (State Marshal's return) Appended to the plaintiffs complaint was a rental agreement dated May 22, 2996 signed by the plaintiff Ellen Meyer and the defendant Barbara Hein. The agreement specified a monthly rental term of five hundred thirty-five dollars and various other terms not in dispute by the parties. Also attached to the plaintiffs complaint was a notice dated February 15, 2002 addressed to the defendant detailing a fifteen dollar per month increase in rent. Said fifteen dollar increase was the first increase since the initial rental agreement in 1996. (Testimony Ms. Meyers)
On August 29. 2002, the defendant Barbara K. Hein filed a pro se appearance, her answer and special defenses to the plaintiffs complaint. The defendant's answer admits the material allegations of the complaint. In pertinent part the special defenses allege that no rent may be recovered under Conn. Gen. § 471-4a due to housing or health code violations in contravention of Conn. Gen. Stat. § 47a-7a. The defendant specifically mentions fire alarm system failure. problems with a chimney flue, "an oil line from tank in basement to furnace" "and possibly plumbing problems in Mr. Belliveau's bathroom." (Defendant's special defenses) Finally, the defendant also checked special defense box number 7 indicating that she is physically disabled. CT Page 14230
Discussion
Summary Process trial commenced and concluded on November 5, 2002. The plaintiff was present represented by counsel. The defendant appeared pro se. At trial the plaintiff called Mr. Paul Vololvsky, the Building Inspector for the Town of New Hartford. Mr. Vololvsky testified that it was his responsibility to administer and enforce the building code. He further testified that he responded to complaints made by Ms. Hein and that he inspected all complaints concerning her unit as well as inspecting areas in the basement and in outside common areas. It was his conclusion that nothing there at that time represented a danger to the occupant relative to her health or safety.
The plaintiff then proceeded to call Mr. Beadle, the Fire Marshall for the Town of New Hartford. Mr. Beadle testified that it was his responsibility to enforce the life and safety code. He further testified that he responded to the defendant's call and determined that the alarm system was not operable. He contacted the plaintiff who assured him that the problem would be rectified. Upon his further inspection, within a short time frame, the alarm system was functioning. In addition Mr. Beadle inspected the chimney and found no safety threat. The plaintiff. Ms. Meyer then testified establishing the material allegations of the complaint.
Mrs. Hein produced no witness or testimony to refute the findings of the Building Official or the Fire Marshall. Her testimony that mold existing on the premises adversely affected her health was unsubstantiated by: 1. Any physical evidence of mold, or, 2. any physician's correlation of health problems arising from mold existing on the premises. Ms. Hein offered pictures of the premises to establish safety defects. Upon voir dire, however. it was determined that a majority of the pictures related to premises inhabited by other tenants and therefore were irrelevant. or were pictures relating to the basement previously inspected by Mr. Vololvsky and found not to present a safety hazard. Finally. Ms. Hein offered no evidence as to her disability claimed as a special defense.
Law
Conn. Gen. Stat. § 47a-4a provides that "(a) rental agreement shall not permit the receipt of rent for any period during which the landlord has failed to comply with Subsection (a) of Section 47a-7." Conn. Gen. Stat. 47a-7 provides, in pertinent part, that a landlord shall comply "with all applicable building and housing codes materially affecting CT Page 14231 health and safety . . . and make all repairs . . . to put and keep the premises in a fit and habitable condition. . .". The court concludes that the testimony of the Building Official and the Fire Marshall conclusively establish that no condition existed on the premises which would pose a health or safety risk. No such violation existed which would have statutorily relieved Ms. Hein from the obligation to pay rent.
In reference to Ms. Hein's claim of disability, it is noted that she offered no testimony as to this disability. Conn. Gen. Stat. § 47a-23c
provides a prohibition on eviction of certain tenants except for good cause. Subsection C provides for people physically disabled "but only if such disability can be expected to result in death or to last for a continuous period of at least twelve months." Ms. Hein offered no such evidence.
Conclusion
For the above stated reasons the Court finds no violation of any applicable building codes which would pose a threat to Ms. Hein's safety. The Court orders judgment to the plaintiff for immediate possession of the premises.
___________________ Black, J. CT Page 14232